**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
GERARDO MIGUEL BAEZ DURAN (aka RAFFY)
and WILSON FRANCISCO SANCHEZ CRUZ,
*individually and on behalf of others similarly situated,*

**18-CV-6685-GBD**

*Plaintiffs*,

-against-

E L G PARKING INC. (D/B/A E L G
PARKING INC.), BISHOP JOSEPH ALEXANDER,
and RAYMOND LOPEZ,

*Defendants.*
-----------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
<u>**MOTION TO DISMISS**</u>

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

i

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................1

STATEMENT OF FACTS ................................................................................................................2

ARGUMENT ......................................................................................................................................1

    I.    THE STANDARD OF REVIEW ON A MOTION TO DISMISS……………………..2

    II.    DEFENDANTS' ARGUMENT THAT PLAINTIFFS' CLAIMS
           ARE NOT CREDIBLE IS COMPLETELY MERITLESS ...........................................3

    III.    DEFENDANTS ARE NOT EXEMPTED FROM THE FLSA… ................................. 4

CONCLUSION...................................................................................................................................5

**PRELIMINARY STATEMENT**

Plaintiffs, by their attorneys Michael Faillace & Associates, P.C., respectfully submit this memorandum of law in opposition to Defendants' motion to dismiss the Complaint. To defeat the instant motion, Plaintiffs must pass two low bars. First, we must show that the Amended Complaint meets the plausibility standard of <u>Twombly</u> and its progeny. Second, we must show that Defendants are not exempt from the Fair Labor Standards Act (FLSA). For the reasons set forth below, Plaintiffs easily carry these burdens, and Defendants' motion should therefore be denied.

**STATEMENT OF FACTS**

On July 25, 2018, Plaintiffs filed a complaint alleging minimum wage, overtime, and related violations of the FLSA and New York Labor Law (NYLL) by Defendants. On November 6, 2018, Plaintiffs filed a First Amended Complaint in response to Defendant Steven Rosenberg's Motion to Dismiss the Complaint as to Defendant Steven Rosenberg only. The First Amended Complaint served to add facts solely as they related to Defendant Steven Rosenberg, as well as identified Defendant Raymond Doe as Defendant Raymond Lopez. <u>See</u> Exhibit B, Amended Complaint. Subsequently to filing the Amended Complaint, Plaintiffs and Defendant Steven Rosenberg stipulated to Defendant Rosenberg's dismissal, which was entered by the Court on December 6, 2018. Therefore, the Complaint and Amended Complaint are substantively identical now but for the complete identification of Defendant Raymond Lopez. After the dismissal of Defendant Steven Rosenberg, the Clerk of the Court instructed Plaintiffs to respond to Defendants' instant motion to dismiss, dated September 7, 2018, which was never filed via ECF, but was mailed to Plaintiffs' counsel, who forwarded a copy to the Court.

Plaintiffs were employed by Defendants' parking garage and each worked approximately 84 hours per week; Plaintiff Gerardo Miguel Baez Duran was paid approximately $440 per week in cash, and Plaintiff Wilson Francisco Sanchez Cruz was paid approximately $420 per week in cash. <u>See</u>

Exhibit A or B.

## ARGUMENT

*I.    THE STANDARD OF REVIEW ON A MOTION TO DISMISS*

Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss under Rule 12(b)(6), however, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" Cruz v. Rose Associates, LLC, No. 13 Civ. 0112 (JPO), 2013 U.S. Dist. LEXIS 49755, 2013 WL 1387018, at *1 (S.D.N.Y. Apr. 5, 2013) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

When "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the claim possesses facial plausibility. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); *see also* ATSI Comm., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (plaintiff must plead "the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level'" (*quoting* Twombly, 550 U.S. at 546)). While Iqbal and Twombly necessitate plausibility, they do not create a "heightened standard that requires a complaint to include specific evidence, factual allegations in addition to those required by Rule 8…." Arista Records LLC v. Doe, 604 F.3d 110, 110 (2d Cir. 2010). Moreover, plausibility is not akin to probability, but is instead a lesser burden. *See* Twombly, 550 U.S. at 556.

On a motion to dismiss, courts are required to accept as true all of the factual allegations contained in the complaint, drawing all inferences in the light most favorable to the non-moving party. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). "While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully harmed-me accusation." Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011) (internal quotation marks and citation omitted). Thus, "on a motion to dismiss, the relevant inquiry is

whether a defendant has been put 'on notice of the theory of employer liability.'" Perez v. Westchester Foreign Autos, Inc., No. 11-cv-6091 (ER), 2013 US Dist LEXIS 35808, at *21 (S.D.N.Y. Feb. 28, 2013) (*quoting* Addison v. Reitman Blacktop, Inc., 283 F.R.D. 74, 84 (E.D.N.Y. 2011)).

## II. DEFENDANTS' ARGUMENT THAT PLAINTIFFS' CLAIMS ARE NOT CREDIBLE IS COMPLETELY MERITLESS

The FLSA and NYLL unequivocally state that employees who work more than 40 hours in a workweek are entitled to receive not less than one and one-half the regular rate of compensation for all hours worked in excess of 40 per workweek. 29 U.S.C. § 207; NYLL Article 19, §§ 650 *et seq.*; 12 N.Y.C.R.R. §§ 137-1.3, 146-1.4.

As the Court must accept all factual allegations in the Complaint as true, Plaintiffs' claims that they worked 84 hours per week for salaries of $440 and $420 must be accepted as true. Defendants argue that Plaintiffs' salaries exceeded the minimum wage owed to Plaintiffs for a 40-hour work week, therefore Plaintiffs were paid lawfully. This argument is specious. First, Defendants failed to pay Plaintiff Baez the proper minimum wage rate in 2018. Second, Defendants completely failed to pay both Plaintiffs overtime payments that were due to them, in clear violation of both the FLSA and NYLL.

For Plaintiff Baez, who was paid $440 per week, we submit he is owed an overtime rate of $16.50 for all hours worked more than 40 hours per week. For the 44 hours of overtime he worked each week, he would therefore be owed $726 per week through the end of 2017. In 2018, Plaintiff Baez is also owed minimum wage, as the minimum wage rate in New York that year was $12, so he is owed $832 per week in 2018. See NYLL § 652(1). For Plaintiff Sanchez, who was paid $420 per week, we submit he is owed an overtime rate of $15.75 for all hours worked more than 40 hours per week. For the 44 hours of overtime he worked each week, he would therefore be owed $693 per week for each week he was employed by Defendants.

Assuming *arguendo* that Plaintiffs' salaries covered all 84 hours worked per week, it would then clearly be the case under both the FLSA and NYLL that Plaintiffs were not paid at the proper minimum wage rate, much less paid proper overtime. Therefore, Defendants' argument that Plaintiffs' wage and overtime claims should be dismissed should be denied.

### III.   DEFENDANTS ARE NOT EXEMPTED FROM THE FLSA

Employers may avoid paying overtime compensation to an employee if the employee falls within an exemption. An employer seeking to rely upon an exemption as a defense to paying overtime bears the burden of proving that such exemption applies. *Haas v. Verizon New York, Inc.*, No. 13 Civ. 8130 (RA)(JLC), 2015 WL 4884858, at *9 (S.D.N.Y. Aug. 13, 2015) (citing *McLean v. Garage Mgmt. Corp.,* 819 F.Supp.2d 332, 337 (S.D.N.Y.2011)). Defendants fail to demonstrate that any exemption applies here.

Defendants advance a loose argument that because ELG Parking is purportedly a retail or services establishment, it is exempted under the FLSA. To be sure, in order to qualify as a "retail or service establishment," Defendants must "engage in the making of sales of goods or services"; (2) "75 percent of its sales of goods or services, or of both, must be recognized as retail in the particular industry"; and (3) "not over 25 percent of its sales of goods or services, or of both, may be sales for resale." 29 C.F.R. § 779.313. While it is true that, pursuant to 29 C.F.R. § 779.320, Defendants' parking garage may qualify as a retail or service establishment, this matters little. Indeed, restaurants are included on the list of establishments that may qualify as retail or service.

In order for Defendants to be exempt under the FLSA, they need to demonstrate not just that an employee works at a retail or service establishment, but that the employee's regular rate of pay exceeds one and one-half times the applicable minimum wage in the workweek in which he or she works overtime, and more than half of the employee's earnings in a representative period consist of

commissions.  See FLSA, 29 U.S.C. § 207(i).  Based on the allegations in the Complaint, Defendants clearly fail these final two prongs of the exemption.  Plaintiffs were not paid at an hourly rate of pay and even when you divide their weekly salary by 40 hours, this rate of pay never exceeded one and one-half times the applicable minimum wage rate ($7.25 FLSA, $7.25 in New York in 2013, $8.00 in New York in 2014, $8.75 in New York in 2015, $9.00 in New York in 2016, $10.50 in New York in 2017, and $12.00 in New York in 2018).  Further, Plaintiffs never received a commission of any kind for their work.  Defendants' argument that Plaintiffs' claims should be dismissed because the parking garage was a retail or services establishment open to the public, similar to a restaurant, should be completely disregarded.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Motion in its entirety.

Respectfully submitted,

/s/ Paul B. Hershan
Paul B. Hershan
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200