

## CIVIL RIGHTS CONSORTIUM

October 30, 2020

**BY NYSCEF**
Hon. Sarah L. Cave, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

    Re: <u>Duran et al., vs E L G etc., et al.,</u>
          **Civil Action No. 18-06685(GBD)(SLC)**

Dear Judge Cave,

    Please accept the Defendants' letter application to withdraw as counsel for Defendant Raymond Lopez because of a conflict between the Defenses of Mr. Lopez and Co-Defendants Bishop Joseph Alexander and E.L.G. Parking. Withdrawal will afford Mr. Lopez an uncompromised opportunity to Plaintiffs' claims.

### FACTUAL BACKGROUND

    The Plaintiffs commenced these proceedings pursuant to *29 U.S.C. § 216(b)* claiming underpayment of wages, and that ELG Parking, Mr. Alexander, and Mr. Lopez were their employer within the meaning of the Act. Defendants denied all such claims, admitting that ELG was incorporated under the laws of the State of New York. Since the denying the Plaintiffs' claims, and in the course of preparing Defendants' disclosures, a conflict between the Defendants' defenses has emerged.



547 North Avenue
New Rochelle, NY
10801

PHONE  (855) 490-3984 Ext. 102
FAX  (347) 843-4363
EMAIL  dubois.raynor@civilrightsconsortium.com
WEBSITE  www.civilrightsconsortium.com

In furtherance of discovery disclosures, it was noted that the only employee of ELG is Defendant Raymond Lopez, that there is not now, nor had there ever been any other employees. As such, the only pay records are those for Mr. Lopez. That raises the issue that the Defendants ELG and Mr. Alexander will claim that they are not liable pursuant to the Act because they are not an employer within the meaning of the Act. For purposes of what Mr. Lopez may assert, he should have independent counsel for that determination.

## ARGUMENT

### (I) THE COURT SHOULD GRANT COUNSEL'S APPLICATION TO WITHDRAW AS COUNSEL IN THE BEST INTEREST OF MR. LOPEZ

Mr. Lopez's best interest requiring counsel's withdrawal. The importance of avoiding both the appearance as well as the actuality of professional impropriety is of immense importance. *Akerly v. Red Barn Systems, Inc., 551 F.2d 539, 544 (3rd Cir. 1977)*. As such, any doubt as to the propriety of representation should be resolved in favor of disqualification. *Int'l Business Machines, Corp. v. Levin, 579 F.2d 271, 283 (3d Cir. 1978)*; *Cordy v. Sherwin-Williams Co., 156 F.R.D. 575, 584 (D.N.J. 1994)*.

That said, disqualification is a drastic measure that should be ordered only where it is absolutely necessary. *Schiessle v. Stephens, 717 F.2d 417, 420 (7th Cir. 1983)*. Nonetheless, where there is a conflict, counsel should be allowed to withdraw as counsel. *U.S. v. Morris, 714 F.2d 669, 673 (7th Cir. 1983)*. "Whether good cause exists for an attorney to withdraw is a question of federal law." *White v. BAC Home Loans Servicing, LP, NO. 3:09-cv-2484-G, 2010 WL 2473833, at *2 (N.D. Tex., June 15, 2010)*; *In re American Airlines, Inc., 972 F.2 605, 610 (5th Cir. 1992)*. However, even where cause for withdrawing exists, the Court must assure that the prosecution of the lawsuit before it is not unduly disrupted by the withdrawal of counsel." *Broughton v. Voss, 634 F.2d 880, 882 (5th Cir. 1981)*; *White, 2010 WL 2473833, at *3*.[1]

---

[1] There is authority that where counsel is in conflict in joint representation, counsel must withdrawal from representing all such clients. (*See Montgomery Academy v. Kohn, 50 F.Supp.2d 344, 350 (D.N.J. 1999)*, holding "where an attorney jointly represents multiple parties and a conflict of interest arises between the two, the attorney is ethically obligated to withdraw and not represent either party."; *See also Worldspan, L.P. v. Sabre Group Holdings, Inc., 5 F.Supp.2d 1356, 1357 (N.D. Ga. 1998)*, holding "once the dual representation has begun, courts are usually reluctant to simply let a firm pick and choose which client to keep and which to drop."; *And Coaker v. Geon Co., 890 F.Supp. 693, 695 (N.D. Ohio 1995)*, holding "[b]ecause Pryatal has been representing both clients, he cannot simply decline proffered employment with one of the two defendants."; *See Also Florida Inc. Guar. Ass'n, Inc. v. Carey Carey Canada, Inc., 749 F.Supp. 255, 261 (S.D. Fla 1990)*, noting that when a conflict arises in



547 North Avenue
New Rochelle, NY
10801

PHONE  (855) 490-3984 Ext. 102
FAX    (347) 843-4363
EMAIL  dubois.raynor@civilrightsconsortium.com
WEBSITE www.civilrightsconsortium.com

2

*In the instant case*, the conflict is actual.  On the one hand, the Defendants ELG Parking and Mr. Alexander take the position that they only employed Mr. Lopez and never authorized Mr. Lopez to hire anyone.  At this point, Mr. Lopez's position is unknown.  However, it is reasonable to presume that there is a real possibility that Mr. Lopez may claim that such a position is untrue. Therefore, counsel is caught in an actual conflict, requiring counsel to withdraw as Mr. Lopez's counsel.  While there is authority that counsel may be required to withdraw as counsel for all Defendants, counsel will reserve such arguments for a later hearing as the Court must take into consideration, the idea of withdrawing in a manner that does not prejudice the Plaintiffs' litigation, as well as the Defendants' respective defenses.

Respectfully Submitted,

*E. Dubois Raynor, Jr.*
Earl Dubois Raynor, Esq.
Managing Attorney

**BY ECF**
Clifford R. Tucker, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
ATTORNEYS FOR THE PLAINTIFFS
One Grand Central Place
60 East 42nd Street, Suite 4510
New York, NY 10165

> Defense counsel Earl Dubois Raynor's Letter-Motion to Withdraw as counsel for Defendant Raymond Lopez (ECF No. 84) is GRANTED.  In accordance with Local Civil Rule 1.4, Mr. Raynor is directed to file a letter addressing whether he will be asserting a retaining or charging lien by **Monday, November 9, 2020**, and to serve a copy of that letter on Mr. Lopez.
>
> Mr. Raynor is directed to promptly send a copy of this order to Mr. Lopez and to file a letter on ECF by **Monday, November 9, 2020** with Mr. Lopez's contact information if he will be proceeding pro se.
>
> The Clerk of Court is respectfully directed to close ECF No. 84.
>
> SO-ORDERED 11/2/2020
>
> SARAH L. CAVE
> United States Magistrate Judge

---

the course of concurrent representation, the attorney cannot simply convert the disfavored client into a former one to avoid the conflict.")   .



| | | |
|---|---|---|
| 547 North Avenue<br>New Rochelle, NY<br>10801 | PHONE<br>FAX<br>EMAIL<br>WEBSITE | (855) 490-3984 Ext. 102<br>(347) 843-4363<br>dubois.raynor@civilrightsconsortium.com<br>www.civilrightsconsortium.com |