UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GERARDO MIGUEL BAEZ DURA et al,

                Plaintiffs,

-against-

ELG PARKING INC. et al.

                Defendants
-----------------------------------------------------------X

Case No. 1:18-cv-06685-GBD-SLC

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

1.      Plaintiffs submit this Opposition to Defendants' Motion for Protective Order. Defendants chose not to comply with the Federal, Local, or Court's Individual Rules to meet and confer before filing the instant motion. Defendants did not meet the "good cause" standard for a protective order because their arguments amount to conclusory assertions. The subject documents are relevant to and should be discoverable. Lastly, Defendants did not produce records and discovery pursuant to this Court's Orders at ECF Dkt. No. 81 and 87. Their failure to do so, and incorrect assertion that they did produce sufficient records, counsels *against* a protective Order. Accordingly, Defendants' motion should be denied.

**I. Defendants Failed to Comply with the Federal Rules, Local Rules, and this Court's Individual Rules of Practice before Filing their Motion.**

2.      Defendants disregarded the Federal Rules of Civil Procedure, the Court's Individual Rules of Practice, and the Southern District of New York's Local Rules before making this motion regarding discovery. Those failures should be fatal to their motion.

3.      "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed Rules Civ Proc R 26(c) (listing requirements for a protective order).

4.      The Individual Practices in Civil Cases for Magistrate Judge Sarah L. Cave states:

1

"The Court will not hear any discovery dispute unless the moving party (including a non-party seeking relief) has first conferred in good faith with any adverse party in an effort to resolve the dispute. An exchange of letters or emails alone does not satisfy this requirement. Counsel must respond promptly and in good faith to any request from another party to confer in accordance with this paragraph." Id. (Rule C(1)).

5. The Rules further states:

"If the parties have met and conferred but were unable to resolve their dispute, the moving party must request a discovery conference with the Court, by Letter-Motion, as required by Local Civil Rule 37.2." Id. (emphasis added)

6. The Court's Individual Rules continue:

"As part of the Letter-Motion, the moving party must certify that the required in-person or telephonic conference took place between counsel for the relevant parties and, in particular, must state: (1) the date and time of such conference; (2) the approximate duration of the conference; (3) the names of the attorneys who participated in the conference; (4) the adversary's position as to each issue being raised (as stated by the adversary during the in-person or telephone conference); and (5) that the moving party informed the adversary during the conference that the moving party believed the parties to be at an impasse and that the moving party would be requesting a conference with the Court. Simply attaching copies of correspondence between counsel does not satisfy these requirements." Id.

7. Local Civil Rule 37.2 states:

"No motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference (subject to the instructions regarding ECF published on the Court's website and the Judge's Individual Practices) and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference." Local Civil Rule 37.2.

8. In this case, Defendants did not call Plaintiffs' counsel about the proposed protective order. Defendants also did not email the Plaintiffs' counsel regarding the specific dispute to explain their position or to obtain Plaintiffs' position.

9. Defendants did not submit a letter motion as required under Local Civil Rule 37.2.

10. And lastly, Defendants did not certify that they complied with the foregoing rules in their moving papers.

11. Those failures cost the Court and counsel time, effort, and expense.

12. Defendants' failure to follow the Federal, Local and this Court's Rules should be fatal to their motion.  See e.g. Valvetech, Inc. v Aerojet Rocketdyne, Inc., 2020 US Dist LEXIS 191825, at *8 [WDNY Oct. 16, 2020, No. 17-CV-6788-FPG-MJP] ("it is within the Court's discretion to deny Plaintiff's motion on this basis alone").

## II. Defendants Failed to Establish "Good Cause" for a Protective Order Under Rule 26.

13. Defendants did not meet their burden to establish "good cause" for a protective order.  They also failed to demonstrate that documents which were requested in discovery are irrelevant.

14. A court may issue a protective order only after the moving party demonstrates that "good cause" exists for the protection of the material. In re Agent Orange Prod. Liab. Litig., 821 F.2d 139, 145 [2d Cir. 1987].  Thus, the party resisting discovery bears the burden of showing why discovery should be denied. Chamberlain v. Farmington Sav. Bank, 247 F.R.D. 288 [D. Conn 2007] (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 [9th Cir.1975]).

15. To establish good cause under Rule 26(c), courts require a "*particular and specific demonstration of fact*, as distinguished from stereotyped and conclusory statements." Sterle v. Elizabeth Arden, Inc., 2008 WL 961216, at * 4 [D. Conn.] (quoting Havens v. Metro. Life Ins. Co. (In re Akron Beacon Journal), No. 94 Civ. 1402, 1995 WL 234710, at * 10 [S.D.N.Y. April 20, 1995]); Rofail v United States, 227 FRD 53, 54 [EDNY 2005] (emphasis added).

16. Conclusory assertions of harm are insufficient.  See e.g. Rofail, 227 F.R.D. at 54.

17. "Precedent suggests that even when a party admittedly seeks to publicly embarrass his opponent, no protection should issue absent evidence of 'substantial embarrassment' or harm." Kent v NY State Pub. Emples. Fedn, 2019 US Dist LEXIS 18719, at *9 [NDNY Feb. 5, 2019, No. 1:17-CV-268 (GTS/CFH)].

18. "The mere fact that some level of discomfort, or even embarrassment, may result . . . is not in and of itself sufficient to establish good cause to support the issuance of protective order. To rise to a level of good cause, any such embarrassment must be substantial." Kent, 2019 US Dist LEXIS 18719, at *4.

19. In this case, Defendant failed to meet the "good cause" standard. Defendants' motion is completely unsupported by any showing that the Discovery Requests will subject them to annoyance, embarrassment, oppression, or undue burden or expense, as required under Rule 26(c)(1). Defendants did not even attach the requests at issue.

20. Defendants did not show what specific harassment, annoyance or embarrassment would arise. C.f. Rofail, 227 FRD at 54 (requiring "particular and specific facts" for good cause).

21. Defendants did not attach any affidavit from an affected individual.

22. Defendants have no trade secret to protect. There is no Constitutional right at issue.

23. Nor did defendants show there would be a clearly defined and serious injury resulting from discovery in this case. See e.g. Am. News & Info. Servs. v Rovella, 2017 US Dist LEXIS 140059, at *10 [D Conn Aug. 30, 2017, No. 3:15cv1209(RNC)] (denying motion for protective order where "defendants have not met their burden of showing that dissemination of information in this case will result in a clearly defined and serious injury."). They failed to show how any injury would be caused. C.f. Carlson v Geneva City Sch. Dist., 277 FRD 90, 94 [WDNY 2011] (party "failed to demonstrate good cause … because she has failed to articulate any harm she would experience from any of the discovery she opposes").

24. Defendants' motion amounts to a conclusory assertion.

25. Furthermore, Defendants' records of companies relating to the exact location where Plaintiffs worked may be relevant as to Defendants' employment relationships with Plaintiffs; Defendants' control over their work and workplace; and Defendants' gross income from the

4

location.  See Fed Rules Civ Proc R 26 ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action"); see also 29 USCS § 203 (regarding enterprise coverage over enterprises with gross volume of sales made or business done not less than $500,000 under FLSA); Irizarry v Catsimatidis, 722 F3d 99, 106 [2d Cir 2013] (that defendant's "financial control" is a factor tending towards an employment relationship).

26. For the foregoing reasons, Defendants' motion should be denied.

### III. Defendants Failed to Comply with this Court's Orders that they Produce Discovery.

27. Defense counsel incorrectly stated that "the ELG Defendants have disclosed to the Plaintiffs all financial information confirming that neither Defendants earns any income from Edward Grant."  See Defts' Motion Pg. 5.

28. The truth is that Defendants did not produce sufficient records pursuant to this Court's Order dated November 16, 2020.  Dkt. 87 and 81.

29. That order at Dkt. No. 87 required, *inter alia*, "Defendants shall produce all documents identified in the Court's order at ECF No. 81, including tax returns, financial documents and organizational documents reflecting Defendant Bishop Joseph Alexander's connection to, and affiliation with, defendant ELG Parking Inc."  Id.

30. The Court may further note that the Order at ECF No. 81 also required production of "tax returns, financial documents and organizational documents reflecting Defendant Bishop Joseph Alexander's connection to, and affiliation with, defendant ELG Parking Inc., Defendants must serve verified Interrogatories" (responses).  Dkt. No. 81.

31. At Defendant Alexander's deposition, Plaintiff's counsel made a record that Plaintiffs "call for production of the personal tax returns for Mr. Alexander for the years 2016, 2017 and 2018 pursuant to the court order, Docket #87, which were not produced and the tax returns for

the years 2016, 2017 and 2018 for ELG Parking Inc., which were to be produced pursuant to the court order, Docket #[8]7, which were not produced." Ex. A (deposition, pg. 47 and 110). At the conclusion of the deposition, Plaintiffs' counsel made another record that "the deposition is suspended pending the production of the records that were supposed to be produced pursuant to discovery and the court order." *Id* (Pg. 110).

32.     Defendants' inaccurate statements regarding their production goes *against* a protective order.

### IV. CONCLUSION

33.     For the reasons set forth herein, the Plaintiffs respectfully request that the Court deny Defendants' Motion for Protective Order.

> Respectfully submitted,
>
> By: ___*/s/ Michael Faillace*___
> Michael Faillace, Esq.
> **Michael Faillace & Associates, P.C.**
> One Grand Central Place
> 60 East 42nd Street, Suite 4510
> New York, NY 10165
> (tel) 212-317-1200
> (fax) 212-317-1620
> Michael@FaillaceLaw.com