UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERARDO MIGUEL BAEZ DURAN, individually
and on behalf of others similarly situated, et al.,

                Plaintiffs,

-v-

E L G PARKING INC., et al.,

                Defendants.

CIVIL ACTION NO.: 18 Civ. 6685 (GBD) (SLC)

**ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Before the Court is the motion of Defendants E L G Parking, Inc. ("ELG") and Bishop Joseph Alexander ("Alexander") (ELG and Alexander, together, "Moving Defendants") for a protective order limiting discovery from nonparty 1240 Edward Grant, LLC (the "Motion") (ECF No. 89).[1]

Plaintiffs oppose the Motion on the grounds that the Motion is procedurally improper due to Moving Defendants' failure to meet and confer or to comply with provisions of the Federal Rules of Civil Procedure ("Federal Rules"), Local Rules of the Southern District of New York ("Local Rules"), and the Court's Individual Practices in Civil Cases ("Court's Individual Practices"). (ECF No. 91). Plaintiffs also argue that Moving Defendants have failed to show good cause justifying the protective order. (Id.) For the reasons set forth below, the Motion is DENIED WITHOUT PREJUDICE.

---

[1] Moving Defendant's Notice of Motion (ECF No. 89 at 1) and Memorandum of Law (ECF No. 89-1 at 1) each purport to seek a protective order "Pursuant to F.R.C.P. 23(c)," which the Court construes as an application under Rule 26(c).

## II. BACKGROUND

Plaintiffs allege that the Moving Defendants, along with non-moving Defendants Steven Rosenberg and Raymond Lopez (collectively "Defendants") own and operate a parking lot located at 1240 Edward L. Grant Hwy, in Bronx, New York, under the name "E L G Parking Inc." (the "Parking Lot"). (ECF No. 31 ¶ 2). Plaintiffs are former attendants at the Parking Lot and bring claims individually and on behalf of others similarly situated, under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA"), and the New York Labor Law, N.Y. Lab. Law §§ 190 et seq., ("NYLL"). (See ECF No. 31).

On September 21, 2020, this matter was referred to the undersigned for general pretrial supervision. (ECF No. 75). On February 25, 2021, Moving Defendants filed the Motion. (ECF No. 89). On March 4, 2021, Plaintiffs responded to the Motion (ECF No. 91), and on March 17, 2021, Moving Defendants filed a reply. (ECF No. 93).

## III. DISCUSSION

### A. Legal Standards

The Federal Rules establish the scope of discovery as the following:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Rule 26 gives a district court 'broad discretion' . . . to impose limitations or conditions on discovery, . . . which extends to granting or denying motions to compel or for protective orders on 'just terms.'" Coty Inc. v. Cosmopolitan Cosmetics, Inc., No. 18 Civ. 11145 (LTS) (SLC), 2020 WL 3317204, at *1 (S.D.N.Y. June 18, 2020) (quoting Capstone Logistics Holdings,

Inc. v. Navarrete, No. 17 Civ. 4819 (GBD) (BCM), 2018 WL 6786237, at *8 (Dec. 13, 2018)). Likewise, "[m]otions to compel, pursuant to Rule 37, are left to the sound discretion of the court." Christine Asia Co., Ltd. v. Alibaba Grp. Holding Ltd., 327 F.R.D. 52, 54 (S.D.N.Y. 2018). "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." EM Ltd. v. Rep. of Arg., 695 F.3d 201, 207 (2d Cir. 2012).

Under the Federal Rules, a person moving for a protective order limiting discovery must provide "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). The Local Rules of this Court require that:

> No motion under Rules 26 through 37 inclusive of the Federal Rules . . . shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference (subject to the instructions regarding ECF published on the Court's website and the Judge's Individual Practices) and such request has either been denied or the discovery dispute has not been resolved as a consequence of such conference.

Local Rule 37.2. Similarly, this Court's Individual Practices provide that "[t]he Court will not hear any discovery dispute unless the moving party (including a non-party seeking relief) has first conferred in good faith with any adverse party in an effort to resolve the dispute." (II.C.1). Where parties are unable to resolve their dispute after having met and conferred, "the moving party must request a discovery conference with the Court, by Letter-Motion, as required by Local Civil Rule 37.2 . . . [and] must certify that the required in-person or telephonic conference took place[.]" (II.C.2). These procedural requirements serve, in part, the Court's "preference [] to hold a conference with the parties to address discovery disputes[.]" (II.C.5).

"The 'meet-and-confer' requirement 'embodies a policy of encouraging voluntary resolution of pretrial disputes, in the interest of judicial and client economy and effective

processing of cases.'" Avent v. Solfaro, 210 F.R.D. 91, 95 (S.D.N.Y. 2002) (denying motion to compel for failure to meet and confer) (quoting Kolenc v. Bellizzi, No. 95 Civ. 4494 (LMM) (KNF), 1999 WL 92604, at *2 (S.D.N.Y. Feb 22, 1999)). Accordingly, it is well established that the failure to meet and confer prior to filing a discovery motion can be fatal to a party's application. See Olin Corp. v. Lamorak Ins. Co., No. 84 Civ. 1968 (JSR), 2021 WL 396781, at *10 (S.D.N.Y. Feb. 4, 2021) (finding that a party's failure to comply with procedural requirements to raise a discovery dispute, including Local Rule 37.2, "dooms" the application); Tri-Star Pictures, Inc. v. Unger, 171 F.R.D. 94, 100 (S.D.N.Y. 1997) (denying motion to compel for failure to meet and confer); Avent, 210 F.R.D. at 95 (denying motion to compel where the moving party did not attempt to contact its adversary or request a conference with the court).

B. **Application**

The Court denies the Motion because Moving Defendants failed to make any attempt to meet and confer in the first instance with Plaintiffs or to comply with the Federal Rules, the Local Rules, or the Court's Individual Practices in filing the Motion. Moving Defendants argue in the Motion that Plaintiffs' discovery requests are "extremely broad and amorphous" (ECF No. 93 at 1), yet do not – and apparently cannot – assert that they attempted to confer with Plaintiffs to narrow or clarify the discovery requests in question. (See ECF Nos. 89, 93). Moving Defendants also fail to attach for the Court's review the discovery requests as to which they seek judicial relief. (Id.) The combined failures to meet and confer before filing the Motion, and to seek a pre-motion discovery conference in accordance with Local Rule 37.2 and the Court's Individual Practices, are fatal to the Motion. See Olin, 2021 WL 396781 at *10; Tri-Star Pictures, 171 F.R.D. at 100; Avent, 210 F.R.D. at 95. Should Moving Defendants continue to need judicial intervention

processing of cases.'" Avent v. Solfaro, 210 F.R.D. 91, 95 (S.D.N.Y. 2002) (denying motion to compel for failure to meet and confer) (quoting Kolenc v. Bellizzi, No. 95 Civ. 4494 (LMM) (KNF), 1999 WL 92604, at *2 (S.D.N.Y. Feb 22, 1999)). Accordingly, it is well established that the failure to meet and confer prior to filing a discovery motion can be fatal to a party's application. See Olin Corp. v. Lamorak Ins. Co., No. 84 Civ. 1968 (JSR), 2021 WL 396781, at *10 (S.D.N.Y. Feb. 4, 2021) (finding that a party's failure to comply with procedural requirements to raise a discovery dispute, including Local Rule 37.2, "dooms" the application); Tri-Star Pictures, Inc. v. Unger, 171 F.R.D. 94, 100 (S.D.N.Y. 1997) (denying motion to compel for failure to meet and confer); Avent, 210 F.R.D. at 95 (denying motion to compel where the moving party did not attempt to contact its adversary or request a conference with the court).

B. **Application**

The Court denies the Motion because Moving Defendants failed to make any attempt to meet and confer in the first instance with Plaintiffs or to comply with the Federal Rules, the Local Rules, or the Court's Individual Practices in filing the Motion. Moving Defendants argue in the Motion that Plaintiffs' discovery requests are "extremely broad and amorphous" (ECF No. 93 at 1), yet do not – and apparently cannot – assert that they attempted to confer with Plaintiffs to narrow or clarify the discovery requests in question. (See ECF Nos. 89, 93). Moving Defendants also fail to attach for the Court's review the discovery requests as to which they seek judicial relief. (Id.) The combined failures to meet and confer before filing the Motion, and to seek a pre-motion discovery conference in accordance with Local Rule 37.2 and the Court's Individual Practices, are fatal to the Motion. See Olin, 2021 WL 396781 at *10; Tri-Star Pictures, 171 F.R.D. at 100; Avent, 210 F.R.D. at 95. Should Moving Defendants continue to need judicial intervention

to resolve their dispute—after conferring with Plaintiffs—they may file a proper motion that complies with the Federal Rules, the Local Rules, and this Court's Individual Practices.

## IV. CONCLUSION

For the reasons set forth above, the Motion is DENIED WITHOUT PREJUDICE, and the Clerk of Court is respectfully directed to close the Motion at ECF No. 49.

Dated:     New York, New York
           April 9, 2021

                                          SO ORDERED

                                          *Sarah L. Cave*
                                          SARAH L. CAVE
                                          United States Magistrate Judge