UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERARDO MIGUEL BAEZ DURAN AND WILSON FRANCISCO SANCHEZ CRUZ, individually and on behalf of others similarly situated,

                Plaintiffs,

  -v-

E L G PARKING INC. d/b/a E L G PARKING INC., et al,

                Defendants.

CIVIL ACTION NO.: 18 Civ. 6685 (SLC)

**ORDER TO SUBMIT SETTLEMENT MATERIALS**

**SARAH L. CAVE,** United States Magistrate Judge.

      The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement. (ECF No. 143). Pursuant to the requirements of Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), the parties must file a joint letter-motion that addresses whether the settlement is fair and reasonable (the "Letter-Motion"). See Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) (explaining that district court, before entering judgment on FLSA claims, must "evaluate whether a proposed FLSA settlement is fair and reasonable") (internal citation omitted).

      The parties must file the Letter-Motion by **Tuesday, February 28, 2023**, and should address the claims and defenses, Defendants' potential monetary exposure and the bases for any such calculations, the strengths and weaknesses of the Plaintiffs' case and the Defendants' defenses, any other factors that justify the discrepancy between the potential value of Plaintiffs' claims and the settlement amount, the litigation and negotiation process, as well as any other issues that might be pertinent to the question of whether the settlement is reasonable (for

example, the collectability of any judgment if the case went to trial).  See <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) ("In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.") (quoting <u>Medley v. Am. Cancer Soc.</u>, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The joint Letter-Motion should also explain the attorneys' fees arrangement, attach a copy of any retainer agreement, and provide information as to actual attorneys' fees expended and costs incurred (including billing records and costs documentation).  Finally, a copy of the settlement agreement itself must accompany the joint Letter-Motion.

Dated:      New York, New York
            February 14, 2023

                                        SO ORDERED.

                                        *[signature]*

                                        **SARAH L. CAVE**
                                        **United States Magistrate Judge**