UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERARDO MIGUEL BAEZ DURAN AND WILSON FRANCISCO SANCHEZ CRUZ, <u>individually</u> <u>and</u> <u>on behalf</u> <u>of</u> <u>others</u> <u>similarly</u> <u>situated</u>,

Plaintiffs,

-v-

E L G PARKING INC. d/b/a E L G PARKING INC., et al,

Defendants.

CIVIL ACTION NO.: 18 Civ. 6685 (SLC)

**AMENDED ORDER TO**
**SUBMIT SETTLEMENT MATERIALS**

**SARAH L. CAVE,** United States Magistrate Judge.

On February 13, 2023, the parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement. (ECF No. 143). On February 14, 2023, the Court advised the parties that "[p]ursuant to the requirements of <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015), the parties **must** file a joint letter-motion that addresses whether the settlement is fair and reasonable (the 'Letter-Motion')." (ECF No. 144 (the "Feb. 14 Order") (emphasis added)). The Court also included in the Feb. 14 Order a list of all of the items the parties **must** address in the Letter-Motion, including: a copy of the settlement agreement, an explanation of the attorneys' fees arrangement, a copy of any retainer and information as to actual attorneys' fees expended and costs incurred (including billing records and costs documentation), the parties' claims and defenses, Defendants' potential monetary exposure and the bases for any such calculations, the strengths and weaknesses of the Plaintiffs' case and the Defendants' defenses, any other factors that justify the discrepancy between the potential value of Plaintiffs' claims and the settlement amount, the litigation and negotiation

process, as well as any other issues that might be pertinent to the question of whether the settlement is reasonable (for example, the collectability of any judgment if the case went to trial). (Id.)   To date, the parties have not filed the Letter-Motion.   Accordingly, by **Wednesday, March 8, 2023**, the parties shall file the Letter-Motion.  The parties are reminded that "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." Fisher v. SD Prot. Inc., 948 F.3d 593, 599 (2d Cir. 2020).

Dated:   New York, New York
         March 1, 2023

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**