UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERARDO MIGUEL BAEZ DURAN AND WILSON FRANCISCO SANCHEZ CRUZ, individually and on behalf of others similarly situated,

            Plaintiffs,

-v-

E L G PARKING INC. d/b/a E L G PARKING INC., et al,

            Defendants.

CIVIL ACTION NO.: 18 Civ. 6685 (SLC)

**ORDER APPROVING SETTLEMENT**

**SARAH L. CAVE,** United States Magistrate Judge.

      The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 143), and have now submitted a joint Letter-Motion in support of settlement (ECF No. 149 (the "Motion")), and proposed settlement agreement (ECF No. 149-1 (the "Agreement")) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).  Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).  In addition, Plaintiffs have expressed serious concerns about collectability and have agreed to a payment schedule, which "militates in favor of finding a settlement reasonable."  Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); see Hart v. RCI Hosp. Holdings, Inc., No. 09 Civ. 3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (finding

that significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "guarantee[d] recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the Motion, the Agreement, and accompanying exhibits, and having participated in a lengthy conference that led to the settlement, the Court finds that all the terms of the Agreement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Accordingly, the Court approves the Agreement.

This action is dismissed with prejudice and without costs except as may be stated in the Agreement.  The Court retains jurisdiction to enforce the Agreement.  Any pending motions are moot.  The Clerk of Court is respectfully requested to close ECF No. 149, mark it as "granted," and close this case.

Dated:     New York, New York
           March 14, 2023

                                              SO ORDERED.

                                              _____
                                              SARAH L. CAVE
                                              **United States Magistrate Judge**