UNITED STATES DISTRICT COURT
FOR
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERARDO MIGUEL BAEZ DURAN (aka RAFFY) and WILSON FRANCISO CRUZ, *Individually and on behalf of others similarly situated*, <br><br> Plaintiffs, <br><br> -against- <br><br> ELG PARKING INC. (D/B/A ELG PARKING INC.) and BISHOP JOSEPH ALEXANDER, <br><br> Defendants. | Civil Action No.: 18-06685 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF INJUNCTION APPLICATION FOR HARDSHIP RELIEF**

Dated: March 5, 2024
      Woodhaven, New York

Counsel for the Defendants:
ELG Parking, Inc. & Joseph Alexander

CIVIL RIGHTS CONSORTIUM
89-07 Jamaica Avenue
Woodhaven, New York 11421
(855) 246-2776 Ext.

## **PRELIMINARY STATEMENT**

Defendants ELG Parking, Inc., and Joseph Alexnader, move this court for temporary relief from the Plaintiffs' restraining order, where such makes compliance with the underlying settlement agreement and judgment impossible, and detrimental to the wellbeing and health of the Defendant Joseph Alexander.

**FACTUAL BACKGROUND**

On November 6, 2018, the Plaintiffs' filed a first amended complaint against the Defendants for wage violations. Thereafter, the Defendants answered. Thereafter, on or about March 14, 2023, the parties reach a settlement, requiring the Defendants to pay a settlement of $80,000 in 12 consecutive months, paying such in twelve installments of approximately $6,666. *Exhibit A*. However, the Defendants, which was known prior to the settlement, that they were of modest means, defaulted, and on or about May 25, 2024, the Plaintiffs moved default, and entry a judgment for $120,000, per the underlying settlement agreement. *Exhibit B*.

The Defendant ELG closed operations and sought to leverage the property, in hopes of resulting in more income. However, in the aftermath of the parties' settlement, it did not. That leveraging, instead of yielding positive returns for positive purposes of paying the underlying judgment, the leveraging became a weight, further marginalizing the Defendants' ability to pay the underlying judgment.

Then, if things could not become worse, the Plaintiffs, naturally disturbed that they had received a single settlement installment payment in nine (9) months, restrained the elderly Defendant Joseph Alexander's bank account, becoming income insecurity that would in fact adversely affect Mr. Alexander's mental and physical health, and ability to come into compliance with the underlying judgment. Moreover, the money that was in the account at the time of its freezing, according to the Defendants, is that of the congression not of the Defendants. Therefore, the Defendants' move for hardship relief, as provided herein, including, if necessary, the Defendant Alexander's appearance at a hearing to provide sworn testimony in support of the instant application.

**ARGUMENT**

**POINT ONE**

**THE COURT SHOULD GRANT THE DEFENDANTS LIMITED AND TEMPROARY RELIEF WHERE THEY HAVE NOT ACTED IN BAD FAITH, AND WHERE THE INJUNCTIVE RESTRANT ON THE MR. JOSEPH ACCOUNTS EXCEEDS THE HIGH-WATER MARK FOR WHICH INJUNCTIVE ACTION MAY BE HAD IN WAGE AND LABOR MATTERS TO GAIN A DEFENDANT'S COMPLIANCE.**

The Plaintiffs' injunction, restraining the Defendant Mr. Jospeh Alexander's bank account as a means to gain his compliance in the instant labor matter, thereby resulting in Mr. Alexander's income insecurity and undermining the elderly Mr. Alexander's mental and physical health, exceeds the high-water mark.

The district court inherently retains discretion concerning the restitutionary injunctive action in furtherance of defendant's restitution for labor matters. *Albemarle Paper Co. v. Moody, 422 U.S. 405 (1975)*; *Dunlop v. Saghatelian, 520 F.2d 788, 789 (9*th Cir. 1975). That discretion is not a matter of inclination, but rather a court's judgment guided by sound legal principles. *Albemarle Paper Co., 422 U.S. at 416*; *U.S. v. Burr, 25 F.Cas. No. 14, 692d, pp. 30, 35 (CC Va. 1807 (Marshal, C.J.)*; *Dunlop, 520 F.2d at 789*. "It is true that '(e)quity eschews mechanical rules…[and] depends on flexibility." *Holmberg v. Armbrecht, 327 U.S. 392, 396 (1946)*.

However, the court's equitable discretion is limited to the requirements of balancing the objectives of the underlying law, and the case specific realities within which the Court is confronted. *Id.*; *U.S. v. Marshall, 645 F.2d 799 (9th Cir. 1981)*. For purposes of this balancing the reviewing court must balance the public interest of insurance adherence to labor rights. *Wirtz v. Malthor, Inc., 391 F.2d 1, 3 (9th Cir. 1968)*; *Wirtz v. Jones, 340 F.2d 901 (5th Cir. 1965)*; *Marshall, 645 F.2d 799*. Moreover, as it concerns payment, the balance is considering and injuring that the injunctive restraint (a) prevents unjust enrichment, (b) affords employees the

4

underlying restitutionary payment, and (c) that such deters future violations by the Defendant. *Id*. Therefore, where the underlying restraint would result in the direct expiration of the defendant or compromises a defendant's health, the underlying injunctive action exceeds the high-water mark of the purposes for which it was intended. *Dunlop, 520 F.2d at 790*; *Marshall, 645 F.2d at 803*. (*See Marshall* citing *Dunlop* in noting that an injunction that compromises the health of the Defendant or leads to the dissolution of the Defendant, does not further the balance of interest as the injunctive restraint, which is a spur, is such that "one does not spur a horse until he does.")

That being said, it must be the case that a defendant seeking hardship relief has shown special hardship or a new or changed conditions not readily foreseeable at the time the injunctive restraint action was taken. *Wirtz v. Graham Transffr and Storage Co., 322 F.2d 650 (5th Cir. 1963)*. <u>In the instant case</u>, the Defendants have not acted in bad faith. Moreover, the dissolution of ELG eliminates the deterrence consideration in the balancing consideration. Furthermore, the Defendant Mr. Jospeh Alexander's inability to leverage the property formerly the Defendant ELG for purposes of paying the underlying judgment constitutes a new and change circumstances from when the parties signed the Judgment.

Moreover, the elderly Mr. Alexander's mental and physical health is being adversely impacted, and he cannot comply with the parties' settlement. Mr. Alexander did not act in bad faith, his inability to make timely settlement payments resulted from new and changed circumstances, which is the inability to leverage the underlying real property for such purposes. Mr. Alexander proposes a plan that is doable. Therefore, the Court should order the removal of the restraint on Mr. Alexander's account, pursuant to his agreement and agreement to duly honor such.

## **CONCLUSION**

The Defendant will rely upon the foregoing for purposes of arguing that the Court should order the removal of the account restraint.

_E. Dubois Raynor, Jr._
E. Dubois Raynor, Jr.