UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERARDO MIGUEL BAEZ DURAN AND WILSON FRANCISCO SANCHEZ CRUZ, individually and on behalf of others similarly situated,

                    Plaintiffs,

   -v-

E L G PARKING INC., et al.,

                    Defendants.

CIVIL ACTION NO. 18 Civ. 6685 (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

      On March 14, 2023, the Court approved the parties' settlement (the "Settlement") and closed this case. (ECF No. 150). On July 25, 2023, following Defendants' failure to make timely payments under the Settlement, on Plaintiffs' motion (ECF No. 151) and Defendants' failure to oppose the motion (see ECF No. 161), the Court entered judgment for Plaintiffs and against Defendants in the amount of $120,000.00. (Id.; ECF No. 162 (the "Judgment")).

      Now before the Court is the March 8, 2024 motion of Defendants E L G Parking Inc. and Bishop Joseph Alexander ("Defendants"). (ECF No. 164 (the "Motion"); see ECF No. 164-1 (the "MoL")). It is unclear from the Motion or the MoL what relief Defendants are seeking from the Court and on what authority. The Motion states that Defendants are seeking under Federal Rule of Civil Procedure 65 an order "[t]emporarily [r]estraining the Plaintiffs' seizure of monies." (ECF No. 164). Elsewhere, Defendants state that they application is for "hardship relief" and "relief from the Plaintiffs' restraining order," and that the Court should "order the removal of the account restraint." (ECF No. 164-1). The Motion references an "annexed declaration of counsel" although no such declaration was filed (ECF No. 164).

The Motion is DENIED.  As far as the Court can tell, Defendants admit that they have failed to meet their payment obligations under the Settlement, which would constitute a breach of the Settlement, and that as a result, Plaintiffs are attempting to enforce the Judgment against one or more of Mr. Alexander's bank accounts.  (See ECF Nos. 164-1 at 3; 164-4 at 2 (New York City Marshal's notice to Mr. Alexander)).  Defendants have not moved for relief from the Judgment under Federal Rule of Civil Procedure 60, nor have Defendants demonstrated entitlement to any manner of injunctive relief under Rule 65.  The Motion does not include sworn statements or testimony of any kind, and Defendants cite to eight cases from outside this Circuit—ranging from 43 to 214 years old—not one of which even references Rule 65.  (ECF Nos. 164; 164-1 at 4–5).

Accordingly, for these reasons, the Motion is DENIED.  This case remains closed.

The Clerk of Court is respectfully directed to close ECF No. 164.

Dated:   New York, New York           SO ORDERED.
         March 11, 2024

_____
**SARAH L. CAVE**
**United States Magistrate Judge**